# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cr-10053-STA |
| | ) | |
| DaCARLOS WATKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER LIFTING THE STAY

On May 14, 2019, the Court entered an order denying a motion to suppress filed by Defendant DaCarlos Watkins. *See* Order Denying Mot. To Suppress, ECF No. 48. The Court held in part that the officers who initiated the traffic stop in this case had reasonable suspicion of criminal activity, specifically that the driver's license of the registered owner of the vehicle was suspended. As a factual matter, it is undisputed in this case that the registered owner of the vehicle was not driving it at the time of the traffic stop. On January 8, 2020, the Court stayed this case, pending the United States Supreme Court's decision in *Kansas v. Glover*, No. 18-556, a case presenting the issue of "[w]hether, for purposes of an investigative stop under the Fourth Amendment, it is reasonable for an officer to suspect that the registered owner of a vehicle is the one driving the vehicle absent any information to the contrary." Brief for Petitioner at i, *Kansas v. Glover*, No. 18-556, 2019 WL 2549744.

On April 6, 2020, the Supreme Court decided *Glover* and held that a police officer does not violate "the Fourth Amendment by initiating an investigative traffic stop after running a vehicle's license plate and learning that the registered owner has a revoked driver's license" as

long as "the officer lacks information negating an inference that the owner is the driver of the vehicle." *Kansas v. Glover*, No. 18-556, 589 U.S. ---, 2020 WL 1668283, at *2 (2020). Based on the holding of *Glover*, the Court restates its ruling on Watkins' motion to suppress that the police in this case had reasonable suspicion to initiate the traffic stop. Therefore, the Court lifts the stay. The Clerk will reset this matter for trial.

On March 17, 2020, the Court entered Administrative Order 2020-12; In Re: Court Operations Under the Exigent Circumstances Resulting From Covid-19 Outbreak, in response to President Trump's March 13, 2020, declaration that the Coronavirus Disease 2019 outbreak was a national emergency, and in light of guidance considered from the Centers for Disease Control ("CDC") as well as from federal, state, and local public health authorities, in order to protect the health, safety, and welfare of the public and Western District of Tennessee Court employees. On April 3, 2020, the Court extended and modified its March 17, 2020, Administrative Order No. 2020-12 and ordered that all criminal judicial proceedings, including criminal jury trials, would be continued through May 1, 2020. The Court found that the ends of justice served by ordering the continuances outweighed the best interests of the public and each defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Consistent with the Court's order, the time will be excluded in this matter through and including May 1, 2020.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 6, 2020